UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICKIE LEE BIELICKI JR., | CASE NO. 1:23-cv-12692 |
| *Plaintiff,* | HON. DAVID M. LAWSON<br>DISTRICT JUDGE |
| v. | HON. PATRICIA T. MORRIS<br>MAGISTRATE JUDGE |
| BRADLEY J. DOEPKER,<br>TYLER G. DAVIDSON,<br>SHEPHERD TRI-TOWNSHIP FIRE<br>DEPARTMENT, MOUNT PLEASANT<br>CITY FIRE DEPARTMENT, and<br>SAGINAW CHIPPEWA TRIBAL FIRE<br>DEPARTMENT, | |
| *Defendants.* _____/ | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT MOUNT PLEASANT CITY FIRE DEPARTMENT'S MOTION TO DISMISS (ECF No. 10) and DEFENDANT SAGINAW CHIPPEWA INDIAN TRIBAL FIRE DEPARTMENT'S MOTION TO DISMISS (ECF No. 16)**

**I. RECOMMENDATION**

For the reasons set forth below, **I RECOMMEND** that the Court **GRANT** Defendants' motions to dismiss (ECF Nos 10, 16) and dismiss Defendants Mount Pleasant City Fire Department and Saginaw Chippewa Tribal Fire Department from this action.

**II. REPORT**

1

### A. Background

Plaintiff filed the instant verified pro se complaint on October 24, 2023. (ECF No. 1.) Plaintiff brings claims under 42 U.S.C. § 1983 alleging that his Fourth, Eighth and Fourteenth Amendment rights were violated when Defendants investigated a potential fire hazard in and around his home. Based on circumstances occurring during the investigation, Plaintiff was charged with assault and battery but those charges were dismissed. Plaintiff alleges the charges constituted malicious prosecution and he avers that the prosecution was initiated against him by Defendant Davidson based on Defendant Doepker's influence. (ECF No. 1, PageID.4-5.)

Defendant Mount Pleasant City Fire Department (Mount Pleasant) filed the instant motion to dismiss on December 8, 2023. (ECF No. 10.) Defendant Saginaw Chippewa Indian Tribal Fire Department (Tribe) filed the instant motion to dismiss on December 21, 2023. (ECF No. 16.) Plaintiff filed a response concurring with Defendant Tribe's motion (ECF No. 24) and also filed a response to Mount Pleasant's motion concurring in that motion "based on Defendant Doepker's status of not being on nduty with MPFD at the time of the incident and reserves the right to seek relief from judgment if such is found to be untrue." (ECF No. 18, PageID.135.) The matters are fully briefed and ready for resolution.

### B. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he courts must construe the complaint in the light most favorable to the plaintiff, accept all the

factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id.* at 375–76; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Importantly, liability under § 1983 must be based on more than a theory of respondeat superior.

4

*Monell v. Dep't of Social Servcs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

### C.  Analysis

#### 1.  Defendant Mount Pleasant's motion to dismiss (ECF No. 10)

Defendant Mount Pleasant argues that it is an entity that is not capable of being sued and even if it were, Plaintiff has failed to state a municipal liability claim upon which relief may be granted. (ECF No. 10.)

The Sixth Circuit has held that municipal police and fire departments are not proper defendants  because they are subsumed within the municipal entity and cannot be sued under Section 1983. *Boykin v. Van Buren Twp*, 479 F.3d 444, 450 (6th Cir. 2007). Since Section 1983 does not allow a municipality to be vicariously liable for the acts of its employees, in order to hold a municipality liable, a plaintiff "must demonstrate that the alleged federal violation occurred because of a municipality policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013), citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Here, there is no suggestion of any municipal policy or custom that gave rise to the alleged constitutional violations. I therefore recommend that the motion to dismiss be granted.

#### 2.  Defendant Tribe's motion to dismiss (ECF No. 16)

Defendant Tribe contends that Plaintiff's claim is barred because the Tribe enjoys sovereign immunity from all lawsuits, and that it has not waived its immunity. (ECF No. 16.)

In *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 760 (1998), the United States Supreme Court held that "[t]ribes enjoy immunity from suits on contracts, whether those contracts involve governmental or commercial activities and whether they were made on or off a reservation. Congress has not abrogated this immunity, nor has petitioner waived it, so the immunity governs this case." Then in *Michigan v, Bay Mills Indian Community*, 572 U.S. 782, 804 (2014), the Supreme Court held that the "abrogation of immunity in IGRA [Indian Gaming Regulatory Act] applies to gaming on, but not off, Indian lands" and that the Court "will not rewrite Congress's handiwork. Nor will we create a freestanding exception to tribal immunity for off-reservation commercial conduct." The Court found such a waiver had been accomplished by Congress with respect to the Bankruptcy Code since "[t]he Code unequivocally abrogates the sovereign immunity of all governments" and "[t]ribes are indisputably governments." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*, 599 U.S. 382, 393 (2023).

Tribal sovereign immunity extends to tort actions and civil rights actions brought under Section 1983. *Lesperance v. Sault Ste. Marie Tribe of Chippewa*

6

*Indians*, 259 F. Supp. 3d 713, 719 (W.D. Mich. 2017)(collecting cases re tort actions); *E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1304-05 (10th Cir. 2001)(Section 1983 case); accord *Wilson v. Turtle Mountain Band of Chippewa Indians*, 459 F. Supp. 366. 369 (D. N.D. 1978). In addition, "actions under Section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law." *Evans v. McKay*, 860 F.3d 1341, 1347 (9th Cir. 1989).

Congress has not abrogated immunity in this instance nor ahs the Tribe waived its immunity. Therefore, Defendant's motion to dismiss should be granted.

### D. Conclusion

For these reasons, **I RECOMMEND** that this Court **GRANT** Defendants' motions to dismiss (ECF Nos 10, 16) and dismiss Defendants Mount Pleasant City Fire Department and Saginaw Chippewa Tribal Fire Department from this action.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

636(b)(1.) Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981.) The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 8, 2024         s/ PATRICIA T. MORRIS  
                                            Patricia T. Morris  
                                            United States Magistrate Judge