UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICKIE LEE BIELICKI, | Case No. 1:23-cv-12692 |
| *Plaintiff*, | |
| v. | David M. Lawson<br>United States District Judge |
| BRADLEY J. DOEPKER, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants*. | |
| _____/ | |

### ORDER GRANTING DEFENDANTS DOEPKER'S AND DAVIDSON'S MOTIONS TO COMPEL (ECF Nos. 36, 38)

**I.     Background**

Rickie Bielicki is a resident of Mount Pleasant, Michigan, who alleges that two firefighters—defendants Bradley Doepker and Tyler Davidson—violated his Fourth Amendment rights when they forcibly removed him from his home while his detached garage was on fire 150 feet away. (ECF No. 1, PageID.2–3, ¶¶ 1–6). He also claims that both defendants instigated a wrongful arrest and prosecution by falsely claiming that Bielicki assaulted them. (*Id.* at PageID.3–4, ¶¶ 9–11).

In May, Doepker and Davidson served separate sets of interrogatories on Bielicki. (ECF No. 36-2; ECF No. 38, PageID.257–61). Bielicki did not respond to either set of interrogatories before the deadline to do so. (ECF No. 36-3, PageID.249; ECF No. 38, PageID.263). *See generally* Fed R. Civ. P. 33(b)(2). Ten days after Bielicki's response was due, Counsel for Doepker emailed Bielicki,

1

asking when he believed he would have the interrogatories "completed and returned." (ECF No. 36-3, PageID.249). Bielicki responded that he would mail his responses within the week. (*Id.*) Bielicki failed to deliver his responses as promised, and Doepker's attorney warned Bielicki that he would "fil[e] a motion" if he did not receive the responses by July 9. (*Id.* at PageID.248). Likewise, Davidson's attorney warned Bielicki that he would file "a motion," if he received no responses by July 9. (ECF No. 38, PageID.263).

To date, Bielicki has not responded to either set of interrogatories. (*See* ECF Nos. 36, 38). Nor has he replied to Counsels' emails warning him that they would file "motion[s]" if Bielicki continued to delay his response. (*See* ECF No. 36-3, ECF No. 38). Both Doepker and Davidson now move the Court to compel Bielicki to answer their interrogatories and award fees and expenses under Rule 37(a)(3)(B)(iii), (a)(5)(A). (ECF Nos. 36, 38). Bielicki did not file responses to either motion to compel, despite the Court instructing him to do so in its Notices of Determination Without Oral Argument. (ECF Nos. 37, 39).

**II.   Analysis**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." One discovery mechanism is the use of interrogatories. Under Rule 33 "a party may serve on any other party no more

than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

> When a party refuses to provide information requested by another party, which is thought by the requesting party to be within the scope of Rule 26(b), then the requesting party may move the court to compel disclosure of the requested information. Fed. R. Civ. P. 37(a)(3)(B). Motions to compel may be filed where a party has failed to (1) provide a mandatory disclosure; (2) *answer or admit an interrogatory or request for admission*; or (3) produce discoverable information, materials, or documents. Fed. R. Civ. P. 37. However, prior to moving to compel, a party must in good faith confer or attempt to confer with the opposing party "failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

*Combs v. Bridgestone Americas, Inc.*, No. 2:22-cv-00130, 2023 WL 9530592, at *2 (E.D. Ky. Nov. 27. 2023) (emphasis added), *report and recommendation adopted*, 2024 WL 188360 (E.D. Ky. Jan. 16, 2024) ("When a party refuses to provide information requested by another party, which is thought by the requesting party to be within the scope of Rule 26(b), then the requesting party may move the court to compel disclosure of the requested information."). Simply put, "if a party does not respond to an interrogatory" then "the party requesting the discovery may move the court to compel the opposing party to respond." *Hibbs v. Marcum*, No. 3:16-cv-146, 2018 WL 953347, at *2 (W.D. Ky. Feb. 20, 2018).

Here, Bielicki did not respond to either set of interrogatories by the original deadline. When Counsel for Doepker emailed Bielicki about his failure to respond,

3

Bielicki promised to mail responses within the week. However, he did not do so. Bielicki also ignored warnings from Counsel for both Doepker and Davidson that they would file motions to compel if he continued to ignore the interrogatories. Similarly, Bielicki did not file responses to the motions to compel even though the Court instructed him to do so in its Notices of Determination Without Oral Argument. (ECF Nos. 37, 39).

First, "[b]y not filing any proper objections during the response period, [Bielicki] has waived any objections to the discovery requests." *Hopkins v. Isaac*, No. 16-cv-12064, 2017 WL 9325282, at *1 (E.D. Mich. Oct. 11, 2017). Second, both motions are unopposed. *Id.* As both sets of interrogatories appear to have been properly served on Bielicki and Counsel for both Doepker and Davidson have repeatedly reached out to Bielicki requesting responses to the interrogatories, the Court will GRANT defendants' motions to compel. However, it will DENY the requests for awards of expenses because Bielicki is proceeding *pro se*, and the Court finds that awarding expenses at this time would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). That said, Bielicki is cautioned that continuing to fail to comply with his discovery obligations could lead to an order requiring him to pay reasonable expenses under Rule 37(a)(5)(A) or a recommendation that his case be dismissed for failure to prosecute under Rule 41(b) and Eastern District of Michigan Local Rule 41.2.

4

### III. Conclusion

For these reasons, Doepker's motion to compel (ECF No. 36) and Davidson's motion to compel (ECF No. 38) are **GRANTED**.  **Bielicki must fully respond to both sets of interrogatories within twenty-one (21) days of entry of this order.**

Date: August 28, 2024                        S/PATRICIA T. MORRIS
                                                                               Patricia T. Morris
                                                                           United States Magistrate Judge