UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICKIE LEE BIELICKI,　　　　　　　　　　Case No. 1:23-cv-12692

　　　　*Plaintiff,*　　　　　　　　　　　　David M. Lawson
　　　　　　　　　　　　　　　　　　　　　United States District Judge
v.
　　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
BRADLEY J. DOEPKER, et al.,　　　　　　United States Magistrate Judge

　　　　*Defendants.*
_____/

**ORDER
GRANTING DEFENDANT TYLER G. DAVIDSON'S EX PARTE
MOTION FOR LEAVE TO FILE MEDIA FILE UPLOAD (ECF No. 54)
AND
GRANTING IN PART JOINT MOTION TO
EXTEND DISPOSITIVE MOTION DEADLINE (ECF No. 53)
AND
FINDING ORDER TO SHOW CAUSE SATISFIED (ECF No. 51)
AND
STAYING CASE FOR 90 DAYS**

**I.　　Introduction**

　　　　The current procedural posture of this case has been explained in filings from the parties as well as by the Court in its December 26, 2024 order (ECF No. 56). In sum, the only plaintiff in this case is Rickie Lee Bielicki who has been proceeding *pro se*. It is undisputed that Bielicki recently suffered a hemorrhagic stroke that has at least temporarily rendered him incompetent to continue prosecuting this lawsuit. (*Id.* at PageID.409–10). Proceedings have been complicated not only by Bielicki's

current medical condition but also by the Court's lack of a valid mailing address for Bielicki. (*See id.*). Bielicki's wife has now provided the Court with an updated address as well as informed the Court that Bielicki is currently receiving rehabilitative care following brain surgery. (ECF No. 60, PageID.417, 419).

With this information in mind, the Court will address numerous outstanding motions and issues in this case.

## II.   Motion for Leave to File Media File Upload

For reasons that will be explained, the Court does not intend to consider the merits of either Defendant Tyler G. Davidson's motion to dismiss (ECF No. 42) nor his motion for summary judgment (ECF No. 55) in the near future. Nonetheless, the Court **GRANTS** Davidson's motion for leave to file a media file upload (ECF No. 54) because the motion was properly filed under the Eastern District of Michigan Local Rules and the exhibit may be needed in the future.

## III.   Joint Motion to Extend Dispositive Motion Deadline

On December 18, 2024, Defendants jointly filed a motion to adjourn the dispositive motion deadline of December 20, 2024. (ECF No. 53). This motion may now be moot as to Davidson who filed a timely motion for summary judgment on December 20, 2024. (ECF No. 55).

Regardless, the Court **GRANTS** this motion **IN PART**. If this case is not dismissed for reasons that will be explained below, then the Court will set a new

dispositive motion deadline. The motion is **DENIED** only so far as it requests a stay be entered other than the one described below and suggests a new deadline of February 3, 2025.

### IV.     Order to Show Cause

The Court will now address the salient issue in this case.

To begin, the Court **FINDS** that the October 30, 2024 order to show cause (ECF No. 51) is **SATISFIED**. Bielicki's wife appears to have tried to comply with the Court's orders and deadlines to the best of her ability by filing a response to the order to show cause that provides both a current mailing address and an update on Bielicki's current health. (ECF No. 60).

While the Court is sympathetic to Bielicki's medical issues and the difficult position of his wife, it does not believe that an indefinite stay of proceedings is appropriate. Instead, the Court will now **STAY** the case for **NINETY DAYS** from the date of entry of this order. During this period, Bielicki's wife is encouraged to seek counsel to represent Bielicki in this matter. The Court will provide information for one resource below.

***Before the expiration of the stay*, Bielicki must either file (1) an affidavit stating that he has regained competency and is thus able to continue *pro se* OR (2) an appearance from an attorney.** Bielicki's wife is not an attorney and thus cannot continue to make filings on Bielicki's behalf. *See, e.g.*, *Berrios v. New York*

*City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in 42 U.S.C. § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel.").

If no affidavit or appearance is filed before the expiration of the stay, then it will be recommended that the case be dismissed without prejudice for a failure to prosecute. On the other hand, if an affidavit or appearance is timely filed, then the Court will enter an order setting a deadline for the filing of additional dispositive motions as well as briefing deadlines for the two dispositive motions that are currently pending before the Court.

Bielicki's wife is advised that she may seek free legal assistance from the University of Detroit Mercy Law School Federal *Pro Se* Legal Assistance Clinic. The Clinic can be reached by telephone at (313) 234-2690 or email at proseclinic@udmercy.edu.

### V. Conclusion

For the reasons stated above,

- Davidson's motion for leave to file a media file upload (ECF No. 54) is **GRANTED**;

4

- The Court's October 30, 2024 order to show cause (ECF No. 51) is **SATISFIED**; and

- Defendants' motion to adjourn the dispositive motion deadline of December 20, 2024 (ECF No. 53) is **GRANTED IN PART**, and the case is **STAYED** for **NINETY DAYS** from the date of entry of this order.

- Before the expiration of the stay, Bielicki must either file (1) an affidavit stating that he has regained competency and is thus able to continue *pro se* OR (2) an appearance from an attorney, otherwise the Undersigned will recommend that the case be dismissed without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Date: January 30, 2025

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge